UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARK P. HIMMEL, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7006** |
| **STANDARD FIRE INSURANCE COMPANY, ET AL.** | **SECTION "O"** |

# ORDER

Before the Court in this first-party-insurance case is the motion[1] of Defendant Geico Insurance Agency, LLC to dismiss the petition of Plaintiffs Mark and Deborah Himmel for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs sued Geico and The Standard Fire Insurance Company[2] in state court under Louisiana Revised Statute Section 22:1892, which allows insureds to recover penalties and "reasonable attorney fees and costs" against their insurers in certain circumstances. *See generally* LA. STAT. ANN. § 22:1892. In their petition, Plaintiffs allege that The Standard Fire Insurance Company violated Section 22:1892 by failing to cover the full cost of repairing or replacing property damaged during Hurricane Ida.[3] But Plaintiffs' petition contains no specific factual allegations of wrongdoing against Geico, an insurance agency, and Plaintiffs' insurance contract[4] confirms that The Standard Fire Insurance Company—not Geico—was Plaintiffs' insurer when Hurricane Ida allegedly damaged Plaintiffs' property in August 2021.

---

[1] ECF No. 8.
[2] Plaintiffs' petition defines The Standard Fire Insurance Company as "Travelers." *See* ECF No. 1-1 at 4 ¶ 2.
[3] ECF No. 1-1 at 4–7.
[4] ECF No. 8-2 at 4.

After removal, Geico moved to dismiss under Rule 12(b)(6), contending Plaintiffs failed to state any claims against it because Plaintiffs have no insurance contract with it, and because the petition makes no factual allegations against it.[5] Geico noticed its motion for submission on January 10, 2024, so Plaintiffs' response was due on January 2. *See* LOCAL CIVIL RULE 7.5. Over two months have passed, and Plaintiffs have not filed a response. The Court thus deems the motion unopposed.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In its Rule 12(b)(6) review, the Court "accept[s] all well-pleaded facts as true and construe[s] the allegations in the light most favorable to the plaintiff." *Lewis v. Danos*, 83 F.4th 948, 953 (5th Cir. 2023) (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)).

Here, Plaintiffs fail to state any plausible claims against Geico. That is because Plaintiffs' petition includes no well-pleaded factual allegations that allow the Court to draw the reasonable inference that Geico is liable to Plaintiffs under Section 22:1892. Specifically, there are no well-pleaded factual allegations that allow the Court to reasonably infer that any element of a Section 22:1892 claim against Geico is met. *See Grilletta v. Lexington Ins. Co.*, 558 F.3d 359, 368 (5th Cir. 2009)

---

[5] ECF No. 8 at 1.

(articulating the elements of a claim for statutory penalties under Section 22:658, the substantively identical statutory predecessor to Section 22:1892). In fact, Plaintiffs' petition contains no well-pleaded factual allegations that plausibly link Geico to the alleged failure of Plaintiffs' insurer to cover the full cost of repairing or replacing Plaintiffs' property. Plaintiffs therefore fail to state plausible claims against Geico.[6]

Accordingly,

**IT IS ORDERED** that Geico's motion[7] to dismiss is **GRANTED**. Plaintiffs' claims against Geico are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Geico's motion[8] to opt out of the streamlined settlement program is **DENIED** as moot.

New Orleans, Louisiana, this 13th day of March, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiffs fail to state a claim against Geico for another independent reason: Section 22:1892 does not even apply to Geico because Geico is not the "insurer[]" that "issu[ed]" the "contract" of insurance that forms the foundation of Plaintiffs' Section 22:1892 claim; The Standard Fire Insurance Company is. *See* LA. STAT. ANN. § 22:1892(A). The Court "may consider 'any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint.'" *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Here, the Court may consider Plaintiffs' insurance policy because it is attached to Geico's motion to dismiss, central to Plaintiffs' claim under Section 22:1892, and referenced (albeit implicitly) in Plaintiffs' complaint. *See, e.g., id.* (considering insurance policy attached to Rule 12(b)(6) motion to dismiss). The insurance policy here confirms that The Standard Fire Insurance Company—not Geico—issued the relevant policy. ECF No. 8-2 at 4. Accordingly, because Geico did not issue the insurance contract that forms the basis of Plaintiffs' Section 22:1892 claims, Plaintiffs fail to state a plausible Section 22:1892 claim against Geico.

[7] ECF No. 8.

[8] ECF No. 10.